**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **K.J., F.J., S.A., and C.A.**

**No. 23-364** (Harrison County CC-17-2022-JA-19, CC-17-2022-JA-20, CC-17-2022-JA-21, and CC-17-2022-JA-22)

## MEMORANDUM DECISION

Petitioner Father E.A.[1] appeals the Circuit Court of Harrison County's June 1, 2023, order terminating his custodial and guardianship rights to K.J. and F.J. and his parental rights to S.A. and C.A.,[2] arguing that the circuit court erred by terminating his rights rather than granting a post-dispositional improvement period or employing a less restrictive dispositional alternative. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In March 2022, the DHS filed a petition alleging that the petitioner and the mother of the children committed acts of domestic violence in the presence of the children, subjected the children to unsanitary living conditions, failed to provide medical and dental care, failed to provide food, neglected the children's educational needs, and had substance abuse issues that led to the abuse and neglect of the children.[3] The petitioner waived his right to a preliminary hearing in February 2022, and thereafter stipulated to the allegations of unsanitary living conditions, failure to provide medical and dental care, and educational neglect at a hearing in April 2022, at which point the circuit court adjudicated the petitioner upon these admissions. The petitioner thereafter filed a

---

[1] The petitioner appears by counsel Jenna L. Robey. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Counsel Julie N. Garvin appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] The petitioner is the biological father of S.A. and C.A. Although he is not the father of K.J. and F.J., the father of these two children remained incarcerated throughout the proceedings and they were in the care of the petitioner and the mother, who is the mother of all four children.

1

motion for a post-adjudicatory improvement period, which the court granted upon the agreement of the parties.

The DHS then filed an amended petition in December 2022 following the petitioner's arrest for charges of sexual abuse by a parent, guardian, or custodian. The petition set forth sexual abuse allegations as disclosed by the oldest children, K.J. and F.J., in a Child Advocacy Center ("CAC") forensic interview. A second amended petition was filed in February 2023 regarding additional sexual abuse disclosures by S.A. during therapy, and a third amended petition, including further sexual abuse disclosures by C.A., was filed in March 2023.

The circuit court held an adjudicatory hearing on the amended petitions in March 2023. The forensic interviews with the children were filed as discovery, and the court took judicial notice thereof with no objection. The DHS presented testimony of the petitioner, the mother, a police officer, the CAC forensic interviewer, the children's therapist, and a Child Protective Services ("CPS") worker. Based on the evidence presented, the court found that each of the children made disclosures separately that were consistent and credible, and all four children were sexually, emotionally, and mentally abused by the petitioner. Therefore, the court adjudicated the petitioner as an abusing and neglecting parent, finding the children to be abused and neglected. The petitioner thereafter filed a motion for a post-dispositional improvement period.

The circuit court proceeded to disposition in May 2023, at which time the court heard testimony from a CPS worker, the mother, and the petitioner. The petitioner maintained that he did not sexually abuse the children and stated that he did not feel that there were any issues upon which he needed to improve. In consideration of the petitioner's testimony, the court found that the petitioner failed to acknowledge the conditions that led to the filing of the amended petitions. Therefore, the court denied the petitioner's motion for a post-dispositional improvement period. Also finding aggravated circumstances due to sexual abuse, the court noted that the DHS was relieved of the requirement of providing reasonable efforts to preserve the family in this matter. The court proceeded to terminate the petitioner's parental rights to S.A. and C.A. and his custodial and guardianship rights to K.J. and F.J., finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare.[4] It is from the final dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The petitioner argues that the circuit court erred in terminating his parental, custodial, and guardianship rights to the children rather than granting a post-dispositional improvement period or employing a less restrictive dispositional alternative. Upon our review, we disagree.

---

[4] The mother voluntarily relinquished her parental rights, and the father of K.J. and F.J. had his parental rights terminated. The permanency plan for the children is adoption by kinship placement.

First, we find no error in the circuit court's denial of the petitioner's motion for a post-dispositional improvement period, as the court has discretion to deny an improvement period when no improvement is likely. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). The petitioner's own testimony that he did not feel that there were any issues upon which he needed to improve is clear evidence that no improvement would be likely here. Furthermore, the petitioner denied sexually abusing the children despite consistent and credible disclosures by all four children. To that end, we have explained, "[f]ailure to acknowledge the existence of the problem . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Therefore, it was not error to deny the petitioner a post-dispositional improvement period.

We further find no error in the circuit court's decision to terminate the petitioner's rights without employing a less restrictive dispositional alternative. We have also held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604,] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)(6)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Here, the court properly found that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected based on the petitioner's insistence that he did not sexually abuse the children and had no issues in need of correction. The record clearly supports that termination was necessary for the children's welfare and in their best interests.

Accordingly, we find no error in the decision of the circuit court, and its June 1, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: May 13, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn